WILLIAM OLDHAM, USE, &C., V. ALFRED SMITH'S ADM'R.

After an administrator has petitioned the County Court to resign, and his account is audited, and he ordered to deliver over the estate of his intestate to his successor when qualified, he cannot be required to perform any other act in the capacity of administrator. It follows that he cannot then be required to allow claims against the estate.

While the functions of an administrator *pro tem.* are suspended by a restraining order of a district judge, he has no authority to allow a claim against the estate of his intestate.

ERROR from Colorado. Tried below before the Hon. James H. Bell.

William Oldham, plaintiff in error, for the use of E. B. and Caroline F. Howlks, administrator and administratrix of the estate of A. B. Wauldridge, instituted proceedings in the District Court of Colorado county against T. J. Henderson, as administrator of the estate of Alfred Smith, and D. A. Hubbard as administrator *pro tem.* of the same estate. The petition alleged that Alfred Smith, on the 30th day of April, 1855, made and delivered to petitioner his note for $560, payable on the 1st day of March,

1857; that Alfred Smith died in 1856, and letters of administration were regularly granted the same year to Thomas J. Henderson, who was still the administrator. That on the 8th March, 1857, D. A. Hubbard was appointed administrator of the estate of said Smith, and is still administrator *pro tem.*; that in August, 1857, the note, duly authenticated, was presented for allowance to Henderson, who refused to allow the same or any part thereof; that in October, 1857, the note so authenticated, was presented to D. A. Hubbard for allowance, who refused to allow the same or any part thereof. Prayer that the note be established as a valid claim against the estate of Smith, and for a decree that it be paid in due course of administration. Petition filed October 13th, 1857.

On motion of plaintiff, suggesting that since the institution of the suit, H. H. and M. M. B. Smith had qualified as administrator and administratrix of the estate of Alfred Smith, *scire facias* against them was ordered, and they were made parties defendant.

The Smiths excepted to petition, and alleged that the note had been allowed by them as administrator and administratrix of said estate, and had been duly approved by the chief justice.

They moved the court to dismiss the cause from the docket. 1st. The note was never presented to them for allowance until 21st April, 1858, when it was allowed by them. 2d. Because at the time when it is alleged in plaintiff's petition that the note was presented to Henderson for allowance, he was not the administrator of said estate, and had no authority to act. 3d. Because at the time when it is alleged that the claim was presented to D. A. Hubbard as administrator *pro tem.* he had no power nor authority to act, he having been enjoined from further interference with the administration of said estate.

In support of this motion, the following evidence was introduced: The order of the County Court of Colorado county, made January 26th, 1857, allowing Thomas J. Henderson to resign his trust as the administrator of the estate of Alfred Smith. His petition asking to be relieved of his administration, and statement of his account, and condition of the estate, made 3d day of January, 1857; an order of the County Court of said county,

made 8th day of March, 1857, appointing D. A. Hubbard administrator *pro tem.* On the 15th day of December, 1857, Mary B. Smith was appointed administratrix with full powers. The proceedings in the case of Mary B. Smith against D. A. Hubbard, showing that on the 26th day of June, 1857, he had been enjoined by the judge of said District Court from further proceeding in the administration of said estate, was also introduced. It was admitted that the claim was presented to Henderson and Hubbard for allowance, as stated in the petition; and each of them refused to make any allowance or rejection of the claim, or to make an indorsement at the foot; and that it was presented on the 21st April, 1858, to M. M. B. Smith, allowed by her, and approved by the chief justice.

The motion of defendants was sustained, and cause dismissed. Writ of error prosecuted by William Oldham, use of Howlks and wife.

*Robert L. Foard,* for plaintiff in error.

*John H. Robson,* for defendant in error.

WHEELER, C. J. We are of opinion that there is no error in the judgment. After the first administrator, Henderson, had petitioned to resign, his account had been audited, and he ordered to deliver over the estate of his intestate to his successor when qualified, he could not be required to perform any other act in his capacity of administrator. He had discharged himself of the trust as far as it was in his power; and the only reason why he was not fully discharged from the office was that it was necessary that he, having charge of the estate, should be responsible for it in his official capacity, until his successor could be appointed and qualify, and the estate be delivered into his official charge. (Hart. Dig., art. 1146.) If he could be required to admit claims against the estate, he might, with equal reason, be required to perform other duties appertaining to the administration of the estate, which would require a new exhibit of the condition of the estate, and a re-statement of his accounts; and thus he might be compelled to

continue the administration until the succession was closed. Such was not the intention of the law. (Ibid.)

The presentation of the claim to the administrator *pro tem.*, Hubbard, could be of no avail, because his functions had been suspended by the restraining order of the district judge.

. There having been no presentation of the plaintiff's claim to any administrator of the estate, authorized to pass upon and allow or reject the same, before the institution of the suit, it was rightly dismissed; and the judgment is affirmed.

Judgment affirmed.