## BRYAN CALLAGHAN V. ESTATE OF H. GRENET.

(Case No. 5688.

1. ADMINISTRATION—ATTORNEY'S FEES—The executor of an estate may employ an attorney to assist in the settlement of the same, paying him a reasonable compensation for services rendered. The claim of an attorney for such services must be paid as part of the expenses of administration, and as such is entitled to preference over debts contracted by the deceased.

2 SAME—INDEPENDENT EXECUTOR—Suits upon claims against an estate having an executor, independent of the probate court, may be instituted against him; and judgments rendered therein may be collected from the assets of the estate. In case the assets are insufficient to pay all debts, equity will direct that a judgment upon claim for services of an attorney shall be given preference over ordinary claims against the decedent.

3 SAME—ADMINISTRATOR—CLAIMS—An independent executor contracted with an attorney to assist in winding up the estate. Before the fee agreed upon was paid, the executor died, leaving the estate to be managed by his administrator, by appointment of court. *Held*, If the contract was reasonable, and the ser-

vices contracted for were fully performed, the compensation agreed upon became a debt against the estate; and any part thereof remaining unpaid at the executor's death was entitled to the same preference in payment as it had before his death.

4. PROBATE COURT—JUDGMENT—APPEAL—An appeal from a judgment of the probate court vacates that entire judgment, and the case stands in the district court for trial *de novo*. Such a judgment cannot be accepted in part and contested as to the remainder ; it is indivisible.

5. ADMINISTRATOR—ALLOWANCE OF CLAIMS—The allowance of claims by an administrator must depend upon his own opinion as to their justice, formed upon such facts as he can call to his aid. He has no authority to delegate his duty in that respect to others for arbitration.

6. PRACTICE—CHANGE OF ADMINISTRATION—Where there is a valid and subsisting claim against an estate under a contract with its independent executor, the death of that executor and subsequent appointment of an administrator will not deprive it of its precedence in payment.

7. SAME—FINDINGS OF COURT—The statute confers the right to have the court's findings of law and fact separately and distinctly recorded. It is not complied with when findings of law only are filed.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan.

H. Grenet died February 20, 1882, and by his will Jos. E. Dwyer was appointed independent executor of his estate. To assist in the management of the estate, he employed Bryan Callaghan, an attorney, and agreed to pay him $3,640.72 for his services. Prior to the death of the executor, Callaghan received from him $1,994. 66 on account of that contract. Jos. E. Dwyer died September 14, 1884, and Geo. H. Kalteyer was appointed administrator with the will of the Grenet estate annexed. Callaghan presented his claim for balance due him to the administrator—the amount due having been determined by arbitration—and it was approved by him. He then presented it for approval to the county judge, who also approved it, but classified it as a fourth-class claim. Callaghan being dissatisfied with that classification, appealed the case to the district court. In the district court the administrator answered by general exception and general denial. The court rendered a judgment generally against the appellant, Callaghan.

*S. G. Newton*, for appellant, on the probate jurisdiction of the district court, cited : R. S., arts. 2025, 2026, 2027, 2031, 2200, 2204; Rule Supreme Court, No. 109; Bailey *v.* Collins, 14 Tex., 151; Womack *v.* Womack, 8 Tex., 397; Hefner *v.* Brander, 23 Tex., 632; Moore *v.* Hillebrant, 14 Tex., 312; Eccles *v.* Daniels, 16 Tex., 139; Hillebrant *v.* Burton, 17 Tex., 138.

On contracts of an executor, he cited : R. S., arts. 2037, 2190, 2192; Gammage *v.* Rather, 46 Tex., 106; Price *v.* McIver, 25 Tex., 769;

Caldwell *v.* Young, 21, Tex., 800; Portis *v.* Cole, 11 Tex., 157; Jones *v.* Lewis, 11 Tex., 359; Reinstein *v.* Smith, 65 Tex., 247.

No briefs on file for the administrator.

WILLIE, CHIEF JUSTICE.—Dwyer was authorized to employ an attorney to represent the estate of H. Grenet, whilst in course of administration by him as executor, and to contract to pay him a reasonable compensation for his services. The amount to be thus paid would be a part of the expenses of administering the trust, and, as such, would be entitled to preference in payment over the debts contracted by the deceased in his lifetime. This right of precedence is given to such claims in all cases of trust estates, and is especially recognized by our own statutes in the administration of estates in the county court.

Dwyer was an independent executor, and as such was managing a trust estate outside of the county court. His contracts for attorney's fees and other expenses incurred in its management could be enforced against him by suit, and the judgment obtained in the suit might be collected from the assets of the estate. Not only so, but in case of an insufficiency of assets to pay all the debts of the estate, equity would have directed that the judgment should be first satisfied before payment of ordinary claims against the decedent. Had Dwyer been administering the estate under supervision of the county court, these attorney's fees, when allowed and approved, or established by suit, would have been given the same preference by being ranked as a second class claim against the estate.

It seems, from the evidence, that Dwyer did contract with Callaghan for fees to the amount of $3,640.72, of which he paid $1,994.06, during the time he was administering the estate as independent executor. If the contract was reasonable, and the services contracted for were fully performed, the amount agreed upon became a debt against the estate, and such portion of it as remained unpaid at the death of Dwyer, was, of course, a subsisting and unsatisfied claim against the estate of Grenet. It was too a debt entitled to the same precedence in payment as it had when the estate was in course of administration by the independent executor. If a just debt, therefore, it should have been ranked in the second class, as part of the expenses of administration. Hence, we think the classification as made by the county judge, was incorrect, and if his action in this respect was the only question in the case, we should feel bound to reverse the judgment of the district court, and render one here in favor of the appellant for the amount of his claim, placing it in the second class.

But we are of opinion that the appeal from the judgment of the county judge vacated that entire judgment, and the case stood in the district court for trial *de novo*, both upon the justice of the claim and the rank to which it was entitled. The order of the judge was indivisible. It could be appealed from as a whole, and the appellant had no right to say that he would accept it so far as it was favorable, but contest it in such respects as it was not.

The application to the county judge was to have the claim approved and ranked of the second class. The judgment upon the application was an entirety, approving the claim and giving it a lower rank. The appeal necessarily vacated the entire judgment, as half of it could not remain in the lower court, whilst the other half was undergoing revision in the district court. The whole question made before the county judge was re-opened, and the appellate court was authorized and required to pass upon the same questions that were submitted to the court from which the appeal was taken. It was competent, therefore, for the district judge to determine whether the claim was just or not.

The proof of its justice was the contract with Dwyer, and the award of arbitrators, to whom the claim was submitted by agreement between Callaghan and the subsequent administrator of Grenet's estate.

This arbitration was of no avail whatever as evidence of this fact. The administrator had no authority to submit the matter to arbitration so as to bind the estate by the award. His allowance of the claim should depend upon his own opinion as to its justice, formed upon such facts in reference to it as he can call to his aid, and not upon the opinion of other parties. The contract seems to be a reasonable one, but its terms are not well developed by the evidence. Callaghan was to serve the estate as an attorney, but in what respect, and for how long, is not shown. If he was to act only during such time as Dwyer might manage its affairs, and the reasonable value of his services during that time was the amount claimed, the district court should render judgment approving the entire claim, and ranking it in the second class.

If he was to act as attorney so long as the estate should be in course of administration, and he has ceased to represent it, the entire indebtedness claimed cannot be allowed. To what deduction it should be subjected cannot be ascertained without some proof upon the subject, and none is found in the record. In fact, the court below did not decide the case upon any such question. It gave judgment against the appellant because the mode of procedure applicable to ordinary executors and administrators does not apply to executors who are inde-

pendent of the county court. If the judge meant that the appellant should have sued the estate, or the administrator as he could have sued Dwyer, had he been alive, he was of course wrong, as the law prohibits this expressly. If he meant that because the debt was contracted with Dwyer, the appellant could not proceed to collect against the subsequent administrator, he was wrong, as we have already shown. The question was not one of procedure, but of right. Callaghan was pursuing the proper remedy, and if he proved his case under the principles we have announced, he was entitled to the judgment he asked. The reasons given by the court for the judgment rendered were placed in writing by the judge, upon application of appellant's counsel. They were not only insufficient, but they were not a proper separation of the findings of fact from the findings of law, no findings of fact having been reduced to writing. The right to have these matters separately and distinctly stated is statutory. It is not complied with when the findings of law alone are placed upon the record. What the statute requires is a succinct and clear statement of what the judge thinks is the true result of the evidence—what it proves pertinent to the issue between the parties. Then, upon this result, what is his opinion as to the law which determines the rights of the parties. The appellant has properly reserved a bill of exceptions, so as to bring before this court the error of the court in not complying with his demand.

For this error, and those previously noticed, the judgment will be reversed, and, as it is clear that the full facts of the case have not been developed, the cause is remanded for a new trial.

REVERSED AND REMANDED.

[Opinion delivered May 14 1886.]