## BOLDING v. PORTER & BILLINGSLEY.

### No. 3925.

Court of Civil Appeals of Texas. Amarillo. Dec. 14, 1932.

C. F. Sentell, of Snyder, for appellant.

R. H. Ratliff and L. W. Sandusky, both of Colorado, Tex., for appellees.

MARTIN, J.

Appellees sued and recovered judgment against appellant for $722.50 alleged to be due them as commission on a sale of real estate. The answer of defendant, without stating it in detail, presented defenses in bar of plaintiff's cause of action and contained a cross-action for the sum of $1,000. The trial was before the court.

█ When judgment for appellees was announced in open court, appellant orally re-

quested findings of fact and conclusions of law and had such request noted upon the docket and gave notice at that time that he intended to file a written formal motion requesting such action at the hands of the court. This was later filed. The trial court failed to comply with such request and a bill of exception was taken to his action and is brought forward in the record. This is qualified by the trial judge to show that the written motion was not called to his attention.

An oral request was all that was necessary, a written request not being a condition precedent to appellant's right to same. Dennis v. Kendrick (Tex. Civ. App.) 163 S. W. 693.

■ The action of the court in failing and refusing to file findings of fact and conclusions of law is the only law question brought forward for review.

It is the statutory right of a litigant to have these matters separately and distinctly stated. Article 2208, R. S. 1925; Callaghan v. Grenet's Estate, 66 Tex. 236, 18 S. W. 507.

This question has been the prolific source of much discussion by the Appellate Courts of Texas. No useful purpose could be served by adding to a subject that has already filled many pages of our reports. We content ourselves, therefore, with the citation of only the recent case of Fidelity Union Fire Insurance Co. v. Pruitt (Tex. Civ. App.) 13 S.W.(2d) 717, and (Tex. Com. App.) 23 S.W.(2d) 681. The Court of Civil Appeals at Dallas affirmed this case and in its opinion will be found an extensive collation of authorities upon the different phases of this question. No statement of facts was brought forward in the above case. None appears in the instant case. It was held by the Dallas Court of Civil Appeals that, since no valid defense could have been proven under appellant's answer, the trial court's action in failing to file findings of fact and conclusions of law was harmless error. Such, however, is not the case here, as shown by the statement of pleadings above set out. It was further stated in this opinion that the appellant having failed to bring forward a statement of facts could not ask the court to indulge the presumption that the error of the trial court was prejudicial. A writ of error was granted and the Supreme Court commission, speaking through Judge Critz, held that, in the absence of a statement of facts, unless it could be said affirmatively and conclusively that appellant was not injured by the failure of the trial judge to file such findings and conclusions, the case must be reversed. This case was reversed, and furnishes a precedent which compels like action here.

Reversed and remanded.