### SLAY et al. v. DAVIDSON et al.
#### No. 2871.

Court of Civil Appeals of Texas. Beaumont.
Oct. 31, 1935.

See, also, 88 S.W.(2d) 649, 650.

Denman & Fowler, of Nacogdoches, for appellants.

Adams & McAlister, of Nacogdoches, for Elizabeth Jones.

Norman & Norman, of Rusk, Collins & Fairchild, of Lufkin, and Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellees.

654

O'QUINN, Justice.

This is an appeal in probate proceedings. John P. Davidson died intestate in Nacogdoches county, Tex., about March 30, 1932. He left no widow, children, or their descendents.

In October, 1932, Oscar B. Slay, W. O. Strode, and L. B. Davidson, his nephews, were appointed administrators of his estate. There was considerable property in the estate, and he owed considerable debts. The administrators took charge of the estate and proceeded to administer same.

April 7, 1934, W. C. Davidson, brother of John P. Davidson, deceased, and who held large claims against the estate, filed removal proceedings in the probate court against the administrators. They answered saying they were managing the estate for its best interests, and that they had made all reports concerning the estate required, and prayed that they be not removed.

May 31, 1934, while the removal proceedings were pending, they tendered to the court in writing their resignation as administrators of the estate. The matter remained in this status until September 6, 1934, when said W. C. Davidson, claiming his right as next of kin to the deceased, filed his application to be appointed administrator of the estate. On that date, September 6, 1934, John P. Slay, another nephew of John P. Davidson, deceased, filed a contest of W. C. Davidson's application for appointment as administrator, alleging that because of his advanced age, 87 years, said W. C. Davidson was neither physically nor mentally qualified to act as administrator, and at said time filed application that he, John P. Slay, be appointed administrator, claiming his right as next of kin, after W. C. Davidson, who was alleged to be disqualified.

September 6, 1934, the matter was heard by the court, and after the evidence was adduced, W. C. Davidson filed what he designated a power of attorney requesting the court that if he, W. C. Davidson, because of his age and physical condition, should not be appointed administrator, then he renounced his right to be appointed, and designated Roy Gray to be so appointed. John P. Slay filed motion to strike the designation of Gray by W. C. Davidson, which was overruled. The court entered judgment accepting the resignation of Oscar B. Slay, W. O. Strode, and L. B. Davidson, as administrators. Then, upon the matter

of appointing an administrator of the estate, the court rendered judgment denying the application of W. C. Davidson to be appointed administrator, because of his "physical infirmities," and also denied the application of John P. Slay to be appointed administrator, and then appointed Roy Gray administrator, as the designee of W. C. Davidson. John P. Slay appealed this judgment to the district court of Nacogdoches county.

On December 17, 1934, and while said appeal was still pending, Oscar B. Slay, W. O. Strode, and L. B. Davidson, claiming to be administrators of the estate of John P. Davidson, deceased, filed application in the county court for authority to sell certain property of the estate to pay claims and estimated costs of administration and taxes. W. C. Davidson, brother of the deceased, and holder of large claims against the estate, filed vigorous protest against the application for sale, basing his protest on many grounds, two of which were: (a) That applicants claiming to act as administrators of the estate were not in fact or law such administrators; that they and each of them had resigned as administrators, and their resignations accepted; and (b) that by judgment of the county court the application of John P. Slay, nephew of deceased, to be appointed administrator of the estate, had been denied by the court, and J. R. Gray had been appointed administrator, from which judgment John P. Slay had appealed to the district court of Nacogdoches county, where said appeal was still pending undisposed of. Mrs. C. E. James, who also owned and held a large claim against the estate, joined in this protest. December 2, 1935, upon hearing, the county court overruled the protest, and held that a necessity for sale of the property existed, and granted the application to sell. To this order and judgment of the court, W. C. Davidson and Mrs. C. E. James duly excepted and gave notice of appeal to the district court of Nacogdoches county, Tex., and duly perfected their said appeal.

April 12, 1935, the matter came on for hearing in the district court; all parties appeared, announced ready for trial, and the pleadings and evidence were presented to the court, and judgment was rendered sustaining the protest of W. C. Davidson and Mrs. James against the granting of the order of sale, and the allegation that said Oscar B. Slay, W. O. Strode, and L. B.

Davidson were not authorized to act as administrators of the estate of John P. Davidson, deceased, they having resigned as such was also sustained, and because of these findings and holdings the order of sale granted by the county court was vacated and set aside, and this judgment ordered certified to the county court for observance. This appeal is from that judgment.

In the case of John P. Slay et al. v. W. C. Davidson et al., 88 S.W.(2d) 650, this day decided by us, we held that when, on May 31, 1934, pending trial of removal proceedings against them, the said Oscar B. Slay, W. O. Strode, and L. B. Davidson, administrators, tendered their resignations in writing to the county court and said resignations were duly accepted, that they then passed out of the case. They made no request to be permitted to withdraw their tendered resignation, but permitted same to remain on file until the court did the thing they invited him to do, accepted their resignations. They took no appeal from that judgment to the district court of Nacogdoches county, and the appeal of, John P. Slay did not carry up to the district court the question of their resignation and its acceptance. He was seeking to be appointed administrator in their place. There was no contest as to the resignations, and hence no issue as to same to be determined by the district court. The district court properly vacated the order of sale, and the judgment is affirmed.