**SLAY et al. v. DAVIDSON et al.**

**No. 2872.**

Court of Civil Appeals of Texas. Beaumont.

Nov. 12, 1935.

Rehearing Denied Dec. 18, 1935.

See, also, 88 S.W.(2d) 650, 653.

Denman & Fowler and Adams & McAlister, all of Nacogdoches, for appellants.

Norman & Norman, of Rusk, Collins & Fairchild, of Lufkin, and Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellees.

O'QUINN, Justice.

This is an appeal from a judgment in probate proceedings. John P. Davidson died intestate in Nacogdoches county, Tex., on or about March 30, 1932. He left neither widow, or children, or their descendants.

October 18, 1932, three of his nephews, L. B. Davidson, W. O. Strode, and Oscar B. Slay, were appointed administrators of his estate. They duly qualified and took charge of the estate, and proceeded to administer same.

April 7, 1934, W. C. Davidson, brother of John P. Davidson, deceased, and who held large claims against the estate, filed removal proceedings in the probate court against the said administrators. They answered saying that they were carefully managing the estate, looking after its best interests, and that they had made all reports required concerning the estate, and prayed that they be not removed.

May 31, 1934, while the removal proceedings were pending, said Oscar B. Slay, W. O. Strode, and L. B. Davidson, administrators aforesaid, tendered to the court in writing their resignations as administrators of the estate. The matter remained in this status until September 6, 1934, when said W. C. Davidson, claiming his right as next of kin to the deceased, filed his application to be appointed administrator of the estate. On said date, John P. Slay, also a nephew of John P. Davidson, deceased, filed a contest of W. C. Davidson's application to be appointed administrator, alleging that said W. C. Davidson, because of his advanced age, 87 years, was neither physically nor mentally qualified to act as administrator, and at the same time filed application that he, John P. Slay, be appointed administrator, claiming his right as next of kin, after W. C. Davidson, who he alleged was disqualified.

September 6, 1934, the whole matter was heard by the court, and after the evidence was adduced, W. C. Davidson filed what he designated a power of attorney requesting the court that if he, W. C. Davidson, because of his age, should not be appointed administrator, then he renounced his right to be appointed, and designated Roy Gray to be so appointed. John P. Slay filed motion to strike the designation of Gray by W. C. Davidson, which was overruled. The court rendered judgment accepting the resignations of O. B. Slay, W. O. Strode, and L. B. Davidson as administrators. Then, upon the matter of appointing an administrator of the estate, the court rendered judgment denying the application of W. C. Davidson to be appointed administrator, because of his "physical infirmities," and also denied the application of John P. Slay to be appointed administrator, and appointed Roy Gray as the designee of W. C. Davidson to be administrator. From this judgment John P. Slay appealed to the district court of Nacogdoches county.

March 22, 1935, the cause was duly tried in the district court. The court held that W. C. Davidson, being the surviving brother of John P. Davidson, deceased, and next of kin, was entitled to be appointed administrator, but because of his physical condition denied his application and refused to appoint him such administrator. John P. Slay's application was also refused by the court, and judgment rendered appointing Roy Gray, as the designee of W. C. Davidson, administrator; the court finding Gray duly qualified. From this judgment John P. Slay appealed to this court.

March 28, 1935, while the aforementioned appeal was pending in this, the Ninth Court of Civil Appeals, W. C. Davidson filed application in the county court reciting the status of the estate and the proceedings for the appointment of an administrator of the estate, and fully showing the necessity, pending the determination of the cause on appeal, for the appointment of J. R. Gray as temporary administrator to take charge of the estate and preserve same under the orders of the court. On hearing, the court denied the application on the ground that Oscar B. Slay, W. O. Strode, and L. B. Davidson, were administrators of the estate. From this judgment W. C. Davidson appealed to the district court of Nacogdoches county. In the district court, Oscar B. Slay, W. O. Strode, and L. B. Davidson appeared and filed contest of W. C. Davidson's application for the appointment of a temporary administrator to act pending the determination of the first appeal, on the ground that they were the duly appointed, qualified, and acting administrators of the estate. They said that the reason they had not contested Davidson's application for the appointment of a temporary administrator in the county court was because they had no notice of the application. John P. Slay appeared and filed in the district court his application to be appointed temporary administrator. Oscar B. Slay, W. O. Strode, and L. B. Davidson, who insisted that they were still the administrators of the estate, demanded a jury and made deposit of the jury fee.

April 12, 1935, the matter was heard in the district court, and the court, being of the opinion that there was no issue of fact to go to a jury, refused the demand for same. The court then entered judgment finding that Oscar B. Slay, W. O. Strode, and L. B. Davidson had theretofore re-signed as administrators of the estate; that there was a necessity for the appointment of a temporary administrator of the estate pending the appeal of the main case; and appointed Marvin Pace temporary administrator to take charge of the estate and act as such until a permanent administrator was duly appointed and qualified, specifying his powers and duties under the appointment. From this judgment, Oscar B. Slay, W. O. Strode, and L. B. Davidson, and John P. Slay have brought this appeal.

 We first sustain the action of the court in refusing the demand for a jury. All the issues, under the undisputed facts, were questions of law. We think the record amply supports the findings of the court recited in the judgment. The appointment of the temporary administrator was authorized and required by article 3378, R.S. 1925. The judgment is affirmed.