MELLINGER et al. v. NICHOLSON.

No. 11100.

Court of Civil Appeals of Texas. Galveston.

June 20, 1940.

Motion for Rehearing and to Certify Refused July 11, 1940.

Ansel M. Kahn, of Houston, for appellants.

David Weintraub and Homer Mabry, both of Houston (Andrews, Kelley, Kurth & Campbell, of Houston, of counsel), for appellee.

GRAVES, Justice.

These two statements, from the respective briefs of the parties, are thought to comprehensively and clearly reflect the nature and result of this suit:

(1) "This proceeding in certiorari was filed in the District Court of Harris County, Texas, by George J. Mellinger et al., as appellants, against H. L. Nicholson; hereinafter referred to as appellee, seeking to review and set aside an order of the County Court of Harris County, Texas, sitting in probate, appointing H. L. Nicholson administrator de bonis non—with the will annexed—of the estate of R. E. Brooks, deceased. From the judgment rendered by the District Court sustaining and confirming said appointment of H. L. Nicholson, the appellants appeal.

"The facts, in epitome, may be stated as follows:

"On December 5, 1933, Sewall Myer was, by order of the County Court of Harris County, Texas, sitting in probate, appointed administrator de bonis non with the will annexed of the estate of R. E. Brooks, deceased, and qualified as such administrator on December 21, 1933. On December 2, 1936, Sewall Myer filed, in said County court, his written application to resign as administrator de bonis non with the will annexed of the estate of R. E. Brooks, deceased, accompanied by an exhibit purporting to show the condition of said estate, together with his final account as such administrator, duly verified. Citation duly issued on said application to resign, exhibit and account, and was served and returned in the manner and for the length of time required by law. On December 3, 1936, the county court entered an order accepting said resignation of Sewall Myer, as of that date, subject however, to the approval of the final account, aforesaid, theretofore filed by the said Sewall Myer, as administrator. On December 14, 1936, at a hearing on said

application to resign, exhibit and account of said Sewall Myer, the county court entered its judgment (1) approving the exhibit and final account of Sewall Myer; (2) directing Sewall Myer to deliver the estate of R. E. Brooks, deceased, remaining in his possession, unto C. E. Gates of Harris County, Texas; (3) 'that upon delivery to the said C. E. Gates, of all such estate, and after filing with the clerk of said county court a receipt, executed by said C. E. Gates, reflecting that Sewall Myer had delivered all of said estate, remaining in his possession, unto C. E. Gates, the resignation of said Sewall Myer is finally accepted and said Sewall Myer and his bondsmen' were released and discharged from any and all liability and responsibility by reason of his administration of such estate; to all of which action of the court Mrs. R. E. Brooks, Jr., joined pro forma by her husband, R. E. Brooks, Jr., Federal Trust Company and Mrs. R. E. Brooks, Sr., excepted and gave notice of appeal to the District Court of Harris County, Texas. That such appeal was duly perfected by Mrs. R. E. Brooks, Sr., by filing an affidavit in the county court on December 29, 1936, declaring she had made diligent efforts to give an appeal bond required by the court, and was unable to do so by reason of her poverty, and the clerk of said county court was directed to deliver and transmit the transcript of said proceedings appealed from to the District Court of Harris County, Texas, and such transcript was thereafter filed in said district court and such appeal was placed on the docket of said district court, being numbered 233989, and said appealed case is now pending undisposed of in the District Court of Harris County, has not been tried, and no order has ever been entered therein affecting the rights and claims of the parties thereto.

"On December 14, 1936, the county court, by order of that date, appointed C. E. Gates administrator de bonis non with the will annexed of the estate of R. E. Brooks, deceased, and said order recited, among other things, that the court, on December 14, 1936, accepted the resignation of Sewall Myer, to which action of the court Mrs. R. E. Brooks, Sr., Mrs. R. E. Brooks, Jr., R. E. Brooks, Jr., Guy McFarland and Federal Trust Company in open court excepted and gave notice of appeal to the District Court of Harris County. Such appeal was perfected by Mrs. R. E. Brooks, Sr., by filing her affidavit in said county court declaring she had made diligent effort to give the appeal bond required by the court and was unable to do so by reason of her poverty, and the clerk of the county court was directed to deliver the transcript of the proceedings appealed from to the District Court of Harris County, Texas, and such transcript was thereafter filed in said District Court and such appeal was placed on the docket of said district court and numbered 233989, being the same number as the appeal taken by Mrs. Brooks from the county court's order, dated December 14, 1936, approving Sewall Myer's exhibit and final account and accepting his resignation, supra.

"On December 22, 1936, Sewall Myer filed in said county court a written receipt, signed by C. E. Gates, reflecting that he had delivered all of the estate of R. E. Brooks, deceased, remaining in his possession, unto C. E. Gates, and on December 24, 1936, said county court entered its order reciting, among other things, that 'the resignation of said Sewall Myer, as administrator of R. E. Brooks, deceased, having been heretofore accepted, the said Sewall Myer * * * and his bondsmen are hereby forever released and discharged from any and all liability and responsibility by reason of his administration of such estate.' On January 21, 1937, by agreement with Mrs. R. E. Brooks, Sr., and C. E. Gates, the District Court of Harris County, in said cause No. 233989, confirmed the appointment of C. E. Gates as administrator de bonis non with the will annexed of the estate of R. E. Brooks, deceased, without prejudice and without in any manner affecting the later adjudication of, and action upon, the appeal by Mrs. Brooks from the order of the county court approving Sewall Myer's final account, accepting his resignation, and discharging him as such administrator, and on the same date (January 21, 1937), by agreement of the same parties, C. E. Gates resigned in the county court, as administrator of said estate, and the county court on said date (January 21, 1937), appointed H. L. Nicholson temporary administrator of said estate. Said appointment of H. L. Nicholson, as temporary administrator of said estate, was continued until October 30, 1939, at which time the county court, sitting in probate, appointed H. L. Nichol-

son administrator de bonis non with the will annexed of the estate of R. E. Brooks, deceased.

"The appointment of Sewall Myer as administrator de bonis non with the will annexed of the estate of R. E. Brooks, deceased, has never been revoked by an order of any court and Sewall Myer, as such administrator, has never been removed by an order of any court and no removal or revocation proceedings have ever been instituted against Sewall Myer, as such administrator, and Sewall Myer is living.

"The appellants herein are persons vitally interested in said estate in that they are creditors of said estate, being the legal and equitable holders and owners of unpaid and unsatisfied claims against said estate amounting to in excess of $375,-000.00, which claims have been duly allowed, approved and classified as matured secured claims, and are secured by 2,750 acres of land, more or less, in Harris County, Texas, and as reflected herein, two years have not elapsed since the proceeding, sought to be revised by said writ of certiorari, was had."

(2) "1. The appeal by Mrs. Brooks from the County Court's order of December 14, 1936, was to the action of such court in overruling her contest to the exhibit and final account of Sewall Myer, and in approving such exhibit and account and discharging Myer from liability on his bond, but did not relate to the right of Myer to resign the representation of the Estate. On the contrary, Mrs. Brooks has at all times since the filing of Myer's resignation from the trust, on December 2, 1936, recognized that the estate was left without a representative and, on numerous occasions, has requested the County Court to appoint appellee administrator de bonis non with the will annexed of the Estate.

"2. From and after December 2, 1936, up to the trial of this cause in the district court on April 10, 1940, Sewall Myer did not undertake to represent the Estate in any manner. Said Myer turned over to his successor, C. E. Gates, on or about December 23, 1936, all funds, books, records, files and other properties of the estate remaining in his possession. C. E. Gates, the subsequent permanent administrator, undertook the administration of the Estate from and after December 14, 1936, up to the filing of his resignation on

or about January 21, 1937. Appellee herein undertook the administration of the Estate, as temporary administrator, from and after his appointment as temporary administrator on or about January 21, 1937, up to and including his appointment and qualification as administrator de bonis non with the will annexed of said Estate on or about November 18, 1939; and appellee has undertaken the administration of the Estate as permanent administrator from and after his said appointment and qualification up to and including the trial had in the district court on April 10, 1940, and including the present time.

"There has been a necessity for administration upon the Estate since the death of R. E. Brooks on December 28, 1929. The Estate owns properties situated in more than sixteen counties in Texas, and in six other states in the United States. At the time of Myer's resignation on December 2, 1936, there were outstanding and unpaid approved claims against the Estate aggregating more than $500,000.00, consisting of second, third, fourth and fifth class claims; more than thirty lawsuits were then pending against the Estate, involving potential liabilities of several hundred thousand dollars."

As the quoted statements disclose, the material facts are undisputed. The single question of law the appeal presents is whether or not, under those facts and our applicable statutes, the district court and the county court possessed the authority, power, and jurisdiction to appoint the appellee administrator de bonis non—with the will annexed—of the estate of R. E. Brooks, deceased.

This court, after careful consideration of the record, inclusive of the able briefs and oral arguments of both sides, concludes the learned trial Judge's action correctly answered that inquiry—in the affirmative.

It is not thought that statutory provisions and interpretative holdings thereon from other states throw any controlling light upon this controversy as so arising under our own system, because, it is believed, our own statutory provisions and judicial decisions—being distinctive inter sese—settle it in favor of the judgment rendered.

There seems to this court to be a clear distinction in policy, under our statutes, with reference to when, under what conditions, and with what resulting conse-

quences, such an administrator may resign, as against when, under what conditions, and with what consequences, he may be discharged—the two procedures apparently being referable to distinctly separate and different individual enactments; that is, (1) since R.S.Art. 3470 confers upon an administrator the affirmative privilege of resigning under the conditions therein prescribed, Article 3367 thereupon, in the entailed conditions, the estate being unrepresented by reason of such resignation, empowers the county court to appoint a subsequent permanent administrator; whereas (2) in contradistinction, the group of Articles, 3470 to 3475, inclusive, relate solely to the procedure and resulting effects in instances where a discharge of the administrator is to be dealt with.

Around what this court considers to be such a distinction this controversy has revolved; the appellants, on their part (they not having cited R.S.Art. 3367 at all), relying wholly upon stated Articles 3471 to 3475, inclusive, which, as just suggested, have to do exclusively with the procedure in obtaining a discharge of an administrator, contend, in ultimate effect, through many persuasively presented propositions, that an administrator cannot resign the administration of an estate until his exhibit and account has been finally approved, his resignation accepted, and he has delivered the estate remaining in his hands unto some one "qualified by law to receive it". They rely, in addition to the statutes thus invoked, in the main, upon such Texas authorities as these: Callaghan v. Grenet's Estate, 66 Tex. 236, 237, 18 S.W. 507; Grande v. Chaves, 15 Tex. 550; Ingram v. Maynard, 6 Tex. 130; Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892, 49 S.W. 367; Id., Tex.Civ.App., 50 S.W. 491, 498; Wiren v. Nesbitt, 85 Tex. 286, 20 S.W. 128.

The wealth of citations they also present from other jurisdictions is, for the reasons already stated, not further commented upon.

■ In other words, under the construction it gives to the first-cited group of Texas statutes and holdings thereunder, beginning with R.S.Art. 3367, this court reaches these legal deductions from the facts so presented here:

(1) Pursuant to the county court's order of December 3, 1936, accepting Sewall Myer's resignation as permanent administrator and relieving him from further duties to the estate, from which order no appeal was taken by Mrs. Brooks or anyone else, that court was thereupon and thereby empowered to appoint another permanent administrator.

(2) On December 23 thereafter, when Myer delivered to Gates all assets of the estate, the county court, and, in its turn, the district court on appeal thereto by certiorari, were empowered to appoint the appellee as subsequent permanent administrator.

(3) Consequently, the county court's action on December 14, of 1936 in so appointing Gates as permanent administrator in succession to Myer, together with the district court's judgment on the appeal from that order of January 21 of 1937, constituted a final and legal removal of Myer from such office as permanent administrator.

■ (4) The appeal of Mrs. Brooks from such order by the county court of December 14 of 1936, discharging Myer from further liability, by filing an affidavit under R.S.Art. 3701 in lieu of a bond for costs, neither superseded nor suspended the judgment so discharging Myer, since, by its express terms, her affidavit constituted a perfection of her appeal "in respect to the matter of costs" only.

(5) In the circumstances presented, Mrs. Brooks' appeal must be held to have challenged only the county court's action in approving his final account and discharging Myer from liability, and not the validity of his resignation from the administration;

(6) It is therefore abortive, as affects the issue here, even if it should not be regarded as having been abandoned for lack of prosecution for over three years.

These several conclusions of law are thought to be supported, seriatim, by the authorities thus in succession cited, under the same numbers:

(1), (2), and (3): Article 3367, Revised Statutes, 1925; Articles 3470–3475, inclusive, Revised Statutes, 1925; Bopp v. Hansford, 18 Tex.Civ.App. 340, 45 S.W. 744, writ denied; 54 Corpus Juris, pp. 717, 718; Hogsett v. Dallas Mortgage Securities, Tex.Civ.App., 110 S.W.2d 135; Johnston v. Schwenck, 99 Ohio St. 59, 124 N.E. 61, 8 A.L.R. 170; Oldham v. Smith, 26 Tex. 530, 531; Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892, 49 S.W. 367;

Schouler on Wills, Vol. 3, 6th Ed., Section 1707; Sivley v. Summers, 57 Miss. 712; Slay v. Davidson, Tex.Civ.App., 88 S.W.2d 649; Id., Tex.Civ.App., 88 S.W.2d 650 and Id., Tex.Civ.App., 88 S.W.2d 653, writs refused; Stearns v. Waterland, 27 Cal.App.2d 253, 81 P.2d 181; 3 Tex.Jur., Sections 122 and 134.

(4) Articles 3698, 3699, R.S.1925; Articles 3701, 3702, R.S.1925; Articles 934–939, R.S.1925; Bryan v. Luhning, Tex.Civ.App., 106 S.W.2d 403; Spark v. Lasater, Tex.Civ.App., 232 S.W. 346; 3 Tex.Jur., Sections 259, 264, and 269; Green v. Martin, 43 Tex. 653.

(5) Levy v. W. L. Moody & Co., Tex. Civ.App., 87 S.W. 205, writ refused; Pearson v. Holland, Tex.Civ.App., 136 S. W.2d 920; Pierce v. Foreign Mission Board, Tex.Com.App., 235 S.W. 552; Slay v. Davidson, Tex.Civ.App., 88 S.W.2d 650, writ refused.

(6) Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154; Cox v. Gaines, Tex.Civ.App., 75 S.W.2d 172; Flanagan v. Smith, 21 Tex. 493; Nesbitt v. First National Bank, Tex.Civ.App., 108 S.W.2d 318; 14 Tex. Jur., Section 694; Trahan v. Roberts, Tex. Civ.App., 48 S.W.2d 503.

The authorities depended upon by the appellants, on the other hand, are thought to be distinguishable on the facts from those ruling the cause at bar, in that, especially, did no one of them—upon, the legal equivalent of the same state of facts —involve the power and jurisdiction of the county court to grant further administration and appoint a successor to a resigned permanent administrator of an estate, pending an appeal to the district court, as was the situation in this instance.

Without further discussion, since these conclusions determine the merits of the appeal, an affirmance of the trial court's judgment will be ordered.

Affirmed.

**On Motion for Rehearing and to Certify.**

Appellants, through able counsel, earnestly contend that this statement in the original opinion is not supported by the undisputed facts: "The appeal by Mrs. Brooks from the County Court's order of December 14, 1936, was to the action of such court in overruling her contest to the exhibit and final account of Sewall Myer, and in approving such exhibit and account and discharging Myer from liabil-

ity on his bond, but did not relate to the right of Myer to resign the representation of the Estate."

A re-examination of the statement of facts convinces this court that appellants are mistaken, and that what they differ with this court upon is the meaning that should be given to, not the existence of, facts fully vindicating the challenged recitation. These may be recapitulated, with citations to the statement of facts, as follows:

"(a) The County Court, on December 3, 1936, accepted Myer's resignation 'as of this date', and relieved him from all 'future conduct of said estate'. (S.F. pp. 23, 24).

"(b) On December 14, 1936, the same day the County Court again accepted Myer's resignation and approved his accounts, Mrs. Brooks filed her application in such court, in which she stated that said Myer had resigned the further administration of the estate on December 2, 1936; that there was a vacancy in the office by reason of Myer's resignation; that there was need for further administration; and that the applicant, Mrs. Brooks, petitioned that court to appoint appellee, H. L. Nicholson, as permanent administrator of the estate. (S.F. pp. 48–53).

"(c) In her affidavit of December 29, 1936, given in lieu of an appeal bond, Mrs. Brooks recited that her appeal was to the action of the court in approving Myer's account and in overruling her exception thereto. (S.F. pp. 54, 55).

"(d) In her motion of January 2, 1937, filed in the County Court, Mrs. Brooks stated that her appeal was to the order of December 14, 1936, wherein such court approved Myer's account and overruled her exceptions thereto. (S.F. pp. 66–69).

"(e) In its order of January 2, 1937, the county court stated that Mrs. Brooks' appeal was to the action of the court in approving Myer's account. (S.F. pp. 69, 70)."

In the second place, appellants' motion seems inept in its failure to refer to Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892, 49 S.W. 367, cited as supporting our original conclusions of law Nos. 1, 2, and 3.

Lastly, it is thought the terms of R.S. Art. 3701 vindicate former conclusion of Law No. 4, wherein it is expressly stipulated that the affidavit there under dis-

cussion "* * * shall operate a perfection of the appeal in respect to the matter of costs."

Wherefore, it is concluded, the motion for rehearing, together with the alternative one for a certification of questions involved to the Supreme Court, should be refused; it will be so ordered.

The motion for rehearing and the motion to certify refused.