M. R. DAVISON, Appellant

v.

Harlan LANE et al., Appellees.

No. 3898.

Court of Civil Appeals of Texas.

Waco.

Sept. 28, 1961.

W. Edward Lee, Bryan, for appellant.

Richard H. Cocke, Houston, Hulon C. Hall, Navasota, W. C. Davis, Bryan, for appellees.

TIREY, Justice.

This action is one for damages. It does not yield to a simple statement. The cause was tried without the aid of a jury, and in the decree the court found that the First State Bank of Bedias is entitled to recover of defendant Davison on its cross-action the sum of $2,853.53, with interest and attorney's fees of $285.54, as provided in the note and chattel mortgage, and further found that the Stoneham Cattle Company was entitled to no affirmative relief, and further found that the writ of attachment issued in this cause on May 13, 1960, at the instance of the plaintiff and cross-defendant Lane against defendant Davison was legally and lawfully authorized, and set aside the interlocutory order theretofore entered on the 22nd day of June, 1960, which quashed the attachment, and found that Lane is entitled to recover from Davison the sum of $1, with interest at the rate of 6% per annum, and decreed accordingly. Davison duly excepted to the judgment and gave notice of appeal to this Court, and the cause is here for review.

Appellant assails the judgment on what he designates as four Points. They are substantially to the effect that the Court erred:

(1) In refusing to hold that the writ of attachment was wrongfully and unlawfully issued and levied, and in giving effect to the writ which had been previously quashed by a decree duly signed and entered without vacating said former decree;

(2) That since the evidence of value of the cattle at the time and place of seizure had been fully corroborated and not controverted, the court should have entered judgment in favor of Davison against Lane for the value of the cattle at the time and place with legal interest;

(3) In adjudging attorney's fees in favor of the bank, because there was no proof that appellant contracted in writing to pay attorney's fees, and there was no proof that the attorney's fees as sued for were either agreed to or were reasonable;

(4) In condoning the act of the bank in taking the cattle while in custodia legis without application for an order to the court authorizing the bank to sell them through public auction, and because the bank applied the proceeds to the payment of commission and to the expenses in its discretion, and further entered judgment in favor of the bank

against appellant for the balance remaining on the note and mortgage.

Davison seasonably filed Request for Findings of Fact and Conclusions of Law. The Court complied with the request and we quote substantially the pertinent and controlling parts:

(1) In December 1958, the Arrants, the owners of the land, conveyed to Richard H. Cocke, Trustee, to secure the payment of a note of even date, payable to Stoneham Cattle Company, in the sum of $67,000, which deed of trust was duly recorded January 1959, in the records of Grimes County, Texas;

(2) In February 1959, the Arrants conveyed the land to the Stoneham Cattle Company, and that company assigned the note described in the deed of trust, which note and lien had, prior to February 25, 1959, been assigned and sold to the River Oaks State Bank at Houston;

(3) That in May 1959, the cattle company leased the land except the cultivated part, to Davison, and the lease was recorded on May 8, 1959, in Grimes County, and the consideration for such lease was $3,000, of which $1,600 was paid at the time of the execution of the lease, and the balance was evidenced by Davison's promissory note to the cattle company in the amount of $1,400, due on or before September 1, 1960;

(4) That on February 2, 1960, the trustee foreclosed the note under the terms of the deed of trust, at which foreclosure sale plaintiff Lane became the purchaser, and the land was conveyed to Lane by trustee's deed of date Feb. 3, 1960;

(5) Thereafter Lane made demand upon Davison to remove his cattle or make satisfactory arrangements to rent the land not later than Feb. 5, 1960; that on Feb. 12, 1960, Davison delivered Lane a check for $200 to pay rent on the land from Feb. 5, 1960, to Feb. 15, 1960, and that at the time of the delivery of said check, Davison did not intend that the same should be paid by the bank, but did not so inform Lane, and that thereafter Davison stopped payment on the check;

(6) That Lane accepted the $200 check in good faith, believing that Davison had executed and delivered the same in good faith and that Davison intended that said check would cover the rental for such period of time, and that Davison would advise Lane whether or not he intended to lease the land for an additional time; that Davison refused to move his cattle from the land and refused to pay rental to Lane;

(7) On May 13, 1960, this suit was filed and upon application by Lane, the Clerk of the Court issued writ of attachment, directing the attachment of Davison's property to make the sum of $1,720, with probable costs, and which said writ of attachment was levied on the stock shown on the officer's return;

(8) That the writ was applied for, issued, and executed in good faith.

(9) That on December 28, 1959, Davison executed a chattel mortgage to the First State Bank of Bedias, conveying the cattle levied upon under the writ of attachment, as well as other cattle, to secure a note in the amount of $10,216.23, which chattel mortgage was filed in the office of the Clerk of Grimes County on December 29, 1959, and was unsatisfied at the time of the levy of the writ of attachment;

(10) The chattel mortgage lien above mentioned was foreclosed by the bank on August 17, 1960, and the cattle which had been attached were sold for $7,240.80, and after deducting the cost of sale, there was a deficiency due by Davison to the Bank of $2,853.53;

(11) That no bona fide offer to purchase the cattle was ever made to Davison;

(12) That there was no satisfactory evidence that Collins was able to purchase the cattle in question;

(13) That there was no satisfactory evidence as to the reasonable value of the cat-

tle on the date of the levy of the writ of attachment; on June 22, 1960, the date the writ of attachment was quashed; or on August 17, 1960, the date the cattle were foreclosed on, or as to the amount of the deterioration, if any, from the date of the levy of the writ until the same was quashed, or until the same were foreclosed on Aug. 17, 1960;

(14) That the bank attempted to find a purchaser for the cattle, but could not do so, and sold the same at auction, through the Port City Stock Yards, at Houston;

(15) That Davison made no effort to replevy, procure the release of, or regain possession of the cattle after the attachment was levied;

(16) That Stoneham Cattle Company failed to appear and offer any evidence of any claim it might have against any other parties, or the properties involved in the suit.

We find that the evidence is ample to support the above findings.

### Conclusions of Law:

(1) That the pleadings and the affidavit for attachment were sufficient to authorize the issuance and levy of the writ of attachment, and as a consequence thereof, the order of June 22, 1960, quashing the writ of attachment, should be set aside and said attachment reinstated;

(2) That the attachment lien was subject to and inferior to the chattel mortgage lien held by the bank to secure its indebtedness of $10,216.23, together with interest at the rate of 10% per annum from maturity and 10% attorney's fees;

(3) That Lane became the legal owner of the land, and was entitled to its immediate possession upon receipt of the Trustee's deed on Feb. 3, 1960, and as a consequence, his demand for possession of the land in question and the removal of Davison's cattle, was a rightful one;

(4) That the title and right of possession of Lane was paramount to the leasehold estate held by Davison, and Davison's lease was extinguished by the foreclosure of the Arrant Deed of Trust lien;

(5) That the transaction of Feb. 12, 1960, did not constitute a lease agreement between Lane and Davison, in that Davison had no intention of paying the rental thereon, but led Lane to believe that a lease agreement had been made, and by reason thereof, Davison is estopped to deny Lane's title or right of possession;

(6) That Lane is entitled to recover only nominal damages in the sum of $1 for the reason that no proof was made as to the reasonable cash rental value of the land;

(7) That Davison is entitled to recover nothing from Lane for the reason that his lease had terminated, and for the further reason that no satisfactory evidence was offered on his claimed damages;

(8) That Davison having failed to mitigate his damages, if any, deprived him of any recovery;

(9) That Davison, having no equity in the cattle levied upon, is entitled to recover nothing from Lane;

(10) That the bank should recover of Davison the sum of $2,853.53, with 10% interest from date of judgment, and the further sum of $285.54 attorney's fees, with 6% interest thereon from the date of judgment;

(11) That Stoneham Cattle Company sought no affirmative relief and offered no evidence, and is not entitled to recover anything against any of the parties hereto, nor against any of the properties.

(Stoneham Cattle Company made no exception to the decree and has not perfected an appeal, nor filed any brief.) It is true that Davison in his application for Findings of Fact and Conclusions of Law, set out 12 certain Findings of Fact and 5 Conclusions of Law. The Court adopted Davison's

requested Findings 1, 2, 3, 4, 5, 6, 7, 8, 9, 11 and 12, but disregarded and rejected his Finding of Fact No. 10. The Findings requested by Davison and adopted by the Court are not in conflict with the findings made by the Court, which we have heretofore substantially set out. The Court disregarded and rejected each of Davison's requested Conclusions of Law, and Davison duly excepted to the Court's action in this behalf.

Going back to appellant's Points 1 and 2, which relate to his damages against Lane, said Points being to the effect that the Court erred:

(1) In failing to hold the Writ of Attachment was wrongfully and unlawfully issued; and

(2) That the evidence of the value of the cattle at the time and place of seizure was sufficient to authorize the Court to enter judgment for appellant against Lane for the value at the time and place of the levy.

We overrule each of these Points for reasons which we shall hereafter briefly mention.

■ First of all, the evidence is ample to support the findings of the trial court (see Wilson v. Teague Independent School District, Tex.Civ.App., 251 S.W.2d 263, Point page 268, w. ref.) and under the findings Davison suffered no damage whatsoever to his cattle by virtue of them being levied upon. We are of the view that under the provisions of Rule 608, Texas Rules of Civil Procedure that the attachment lien fixed on the cattle was preserved pending the final disposition of the cause, and under the pleadings on file at the time of the trial the Court did not err in setting aside the previous order of the Court quashing the writ. See Humble Oil & Refining Co. v. Andrews, Tex.Civ.App., 285 S.W. 894, w. ref., November 3, 1926; also Boyd v. Beville, 91 Tex. 439, 44 S.W. 287, Point page 289. But our view of this entire factual situation is, that since there was a valid and superior chattel mortgage lien existing on all the cattle prior to the time the writ was levied, and that since there was ample evidence to support the Court's finding that Davison suffered no damage by virtue of the issuance and levy of the writ of attachment, the claimed damage of Davison for the wrongful issuance and levy of the writ becomes moot and passes out of the case. If we be mistaken in the foregoing view, and that the Court erred on the trial of the merits in setting aside the interlocutory order quashing the writ, then and in such event, since the Court has found that Davison suffered no damages by virtue of the levy, and further found that the bank had a prior and superior lien, and that the cattle were sold and the proceeds applied on Davison's debt to the bank, we think it follows that under Rules 434 and 503, T.R. C.P., and cases there cited, that such error is harmless. Accordingly, Points one and two are overruled.

■ Points three and four, heretofore stated, are to the effect:

(3) That the Court erred in allowing the bank attorney's fees; and

(4) That the Court erred in condoning the act of the bank in taking the cattle while in custodia legis without application to the Court and selling them at public auction, and applying the proceeds to commissions and other expenses, and entering judgment in favor of its claimed balance. We overrule each of these points, for reasons hereinafter briefly mentioned.

First of all, appellant made the bank a party defendant in its first amended answer and original cross-action, and specifically alleged that on December 28, 1959, that Davison executed to the bank his note payable to the bank in the amount of $10,216.23, payable on or before August 28, 1960, and to secure the payment of the note, executed and delivered a chattel mortgage on 96 head of Hereford cattle, and that said mortgage was duly recorded in the chattel mortgage records of Grimes County long

before May 13, 1960 (which was prior to Lane's claims). Appellant prayed that the Court enter an order requiring the bank to interplead and assert its rights to the cattle. The Court entered an order dated September 7, 1960, requiring the bank to file an answer, and the bank duly complied with the order. Pertinent to this discussion, the bank set out that Davison executed and delivered to it the note fully described in Davison's cross-action, and that it was secured by a chattel mortgage and attached a duplicate of the mortgage to its pleading marked Exhibit "A", and this duplicate is the bank's Exhibit No. 1. The bank, among other things, alleged:

" * * * that under the terms of said mortgage, and the expressed consent of all parties to said suit and/or their attorneys and by reason of the fact that the security of said bank had been impaired, all as more fully stated in Cross-Plaintiff's, M. R. Davison's Cross Action, said bank did sell said cattle; receiving from said sale a total of $7,240.00, the expenses of said sale including commission, inspections, freight and other necessary expenses amounting to $570.76, which left the net sum of $6,670.24, which said sum was applied to Cross-Plaintiff, M. R. Davison's note leaving a balance thereon in the sum of $2,853.54 as of the 24th day of August, 1960."

The bank further plead that it:

" * * * has been compelled to employ the services of an attorney and that the reasonable value of his services in said cause as well as the collection of said note, as in said note provided and in the Chattel Mortgage also provided is the sum of $200.00."

and prayed for judgment for $2,803.54, for costs of court, and attorney's fees, and for general relief. Davison filed no reply to the bank's cross-action against him, nor did Lane challenge the bank's claim. It is true that the note was not tendered in evidence, but the mortgage was and provides:

"An attorney's fee of ten per cent, of the amount of the principal and interest of the indebtedness remaining unpaid shall be taxed and made a part of the costs of foreclosure."

Since the bank foreclosed its mortgage under the terms therein provided, it was entitled to its attorney's fees. The Court had the right to fix attorney's fees. See 7 Tex.Jur.2d Ed. pages 182–183, and cases there cited; see also Fonville v. Southern Materials Co., Tex.Civ.App., 239 S.W.2d 885 (ref. n. r. e.); May v. Donalson, Tex. Civ.App., 141 S.W.2d 702 (n. w. h.). See also Murray v. Bankers Life Co., Tex.Civ. App., 299 S.W.2d 730, writ refused.

Since the appellant set out the bank's debt secured by a mortgage, and made no denial thereof, said allegation amounted to an admission and under the Court's findings, we find no merit whatsoever in appellant's Points 3 and 4, and each is overruled.

We have carefully considered each of Lane's cross-points, and each is overruled.

The judgment of the trial court is affirmed.