**Opinion issued August 22, 2013.**



In The

# Court of Appeals

For The

## First District of Texas

————————————

## NO. 01-11-00731-CV

————————————

## IN RE ESTATE OF DICK C. CALKINS, Deceased

On Appeal from the Probate Court No. 4
Harris County, Texas
Trial Court Case No. 275,123

*and*

————————————

## NO. 01-11-00732-CV

————————————

**CAROLYN JAMES, Appellant**

**V.**

**RICHARD STEPHEN CALKINS, Appellee**

**On Appeal from the Probate Court No. 4**
**Harris County, Texas**
**Trial Court Case Nos. 275,123-401**

---

*and*

_____

**NO. 01-11-00733-CV**

_____

**IN RE GUARDIANSHIP OF MARY OLIVE CALKINS**

---

**On Appeal from the Probate Court No. 4**
**Harris County, Texas**
**Trial Court Case No. 378,993**

---

*and*

_____

**NO. 01-11-00734-CV**

_____

**CAROLYN JAMES, Appellant**

**V.**

**RICHARD STEPHEN CALKINS, Appellee**

---

**On Appeal from the Probate Court No. 4**
**Harris County, Texas**
**Trial Court Case Nos. 378,993-401**

---

## MEMORANDUM OPINION

Carolyn James applied for a permanent guardianship of her mother's person and estate. Richard Calkins, who is Carolyn's brother, moved to dismiss the proceeding on the ground that Carolyn failed to comply with the jurisdictional provisions of the Probate Code requiring that a guardianship application include a physician's report and be served on the proposed ward by a sheriff or constable. The trial court denied Richard's motion to dismiss, but determined that it lacked jurisdiction over the mother's person and estate for the ten-month period after the filing of Carolyn's original guardianship application and consequently declared void certain orders issued during that period. Carolyn appealed. Concluding that Carolyn's attempted appeal is from an interlocutory order, we dismiss for lack of jurisdiction.

### Background

In March 2008, Carolyn applied to become the permanent guardian over the person and estate of her mother, alleging that her mother was incapacitated by Alzheimer's disease. Richard, who is Carolyn's brother and also the proposed ward's son, moved to dismiss the guardianship proceeding. He challenged the probate court's jurisdiction primarily because Carolyn served the guardianship application using a private process server. Relying on the Probate Code provision prescribing specific service requirements in guardianship proceedings, Richard

argued that citation had to be served by a "sheriff or other officer" in order to confer the probate court with jurisdiction over the proposed ward's person and estate. *See* TEX. PROB. CODE ANN. § 633(c) (West Supp. 2012); *see also Whatley v. Walker*, 302 S.W.3d 314, 321 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (observing that compliance with section 633's service requirement is jurisdictional). Carolyn served an amended guardianship application in January 2009 using a Harris County Constable.

After considering the motion to dismiss, Carolyn's response, and the argument of counsel, the probate court determined that it acquired jurisdiction of the mother's person and estate upon service of Carolyn's amended guardianship application in January 2009. Accordingly, the trial court denied Richard's motion to dismiss but declared void all but a few orders issued before January 2009, including its prior order appointing a temporary guardian of the proposed ward's person and estate. The trial court's order reads in pertinent part:

> IT IS HEREBY ORDERED that [Richard's] Motion to Dismiss for Lack of Jurisdiction is hereby DENIED, however the Court finds that jurisdiction over the person and estate of [the proposed ward] was not acquired by the Probate Court until January 27, 2009. The Court finds that all previous Orders entered prior to January 27, 2009, except the Order appointing Ad Litem pursuant to Tex. Probate Code 646 and the Order appointing Court Investigator pursuant to Tex. Prob. Code 648, are hereby VOID.

4

In four separate but related appeals, Carolyn complains of that part of the dismissal order declaring void the orders entered before January 2009.[1] In compliance with rule 42.3 of the Rules of Appellate Procedure governing dismissals in civil cases, this Court issued an order notifying Carolyn of the possible dismissal of her appeals on the ground that the order is a non-appealable interlocutory order. *See* TEX. R. APP. P. 42.3. Carolyn responded. Having now had the opportunity to review the record in light of Carolyn's response, we determine that Carolyn's appeals should be dismissed as appeals from a non-appealable interlocutory order.

## Jurisdiction

As a general rule, parties may appeal only from a final judgment. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)). Probate proceedings are an exception to the rule that there may be but one final judgment in a case; in probate proceedings, "'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *Id.* (quoting *Lehmann*, 39 S.W.3d at 192). This exception is

---

[1] Even though the trial court issued its order under a single probate court cause number—cause number 378,993—Carolyn appealed the order under three additional probate cause numbers—cause numbers 378,993-401; 275,123; and 275,123-401. These cause numbers generally relate to the administration of a trust in Carolyn and Richard's deceased father's name and claims appurtenant to the guardianship and trust actions. Because we hold that the order appealed from is a non-appealable interlocutory order, we dismiss all four appeals without considering whether Carolyn may appeal the order under the three additional causes.

5

justified by the recognized "need to review 'controlling, intermediate decisions before an error can harm later phases of the proceeding.'" *Id.* (quoting *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied). Not every interlocutory order in a probate proceeding is appealable, however. *Id.*

To determine the finality of a probate order for purposes of appeal, we apply this test from *Crowson v. Wakeham*:

> If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

897 S.W.2d 779, 783 (Tex. 1995); *Ajudani v. Walker*, 232 S.W.3d 219, 223 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (observing that probate court order is "functional equivalent of a judgment when it finally disposes of a particular issue between parties"). Whenever it is proper, parties should "seek severance orders to eliminate ambiguities about whether [an] order was intended to be final and appealable." *De Ayala*, 193 S.W.3d at 578 (citing *Crowson*, 897 S.W.2d at 783).

In *De Ayala v. Mackie*, the Texas Supreme Court dismissed an appeal from a trial court's denial of a plea to the jurisdiction and refusal to remove an executor in an ancillary probate proceeding. 193 S.W.3d at 577−80. The Court reasoned that "an order denying a motion to dismiss an entire proceeding for want of subject matter jurisdiction is more like a prelude than a finale"; rather than achieve finality

6

by ending a phase of the proceedings, such an order "sets the stage for resolution of all proceedings" and is therefore interlocutory. *Id.* at 578−79; *see also Fischer v. Williams*, 331 S.W.2d 210, 214 (Tex. 1960) ("Since the order overruling respondents' motion to dismiss [in a probate proceeding] failed to finally dispose of the controverted issue [of whether the will contestants had shown an interest in the case], it, therefore, amounts to no more than an interlocutory order, inconclusive in its nature, made in the progress of the trial, and, therefore, not appealable."); *Mobil Oil Corp. v. Shores*, 128 S.W.3d 718, 721 (Tex. App.—Fort Worth 2004, no pet.) (court of appeals lacked jurisdiction to review probate court's denial of plea to jurisdiction filed by non-governmental entity); *In re O'Bryant*, No. 04-04-00359-CV, 2004 WL 2616323, at *1 (Tex. App.—San Antonio Aug. 11, 2004, no pet.) (mem. op.) (dismissing interlocutory appeal of order denying jurisdictional plea in probate case for want of jurisdiction).

Under the reasoning of *Crowson* and *De Ayala*, the trial court's denial of Richard's motion to dismiss the entire guardianship proceeding is a non-appealable, interlocutory ruling. The order has not been severed from the guardianship proceeding, and Carolyn has not cited, nor can we find, a statute expressly authorizing her appeal. Section 4A—the general statute authorizing appeals from probate orders—and section 605—the specific statute authorizing appeals in guardianship proceedings—both require a "final" order as a prerequisite

7

to appeal. TEX. PROB. CODE ANN. § 4A(c) (West Supp. 2012) ("A final order issued by a probate court is appealable to the court of appeals."); *Id.* § 605 (West Supp. 2012) (providing same in section titled "General Probate Court Jurisdiction in Guardianship Proceedings; Appeals"). Even though the order includes the probate court's declaration of the date on which it acquired jurisdiction, the markers of finality are absent here because the order does not dispose of all parties or issues in any particular phase of the guardianship proceeding. That is, the order does not resolve the issue of the proposed ward's capacity, dispose of a discrete phase of the guardianship proceeding, appoint a guardian, or state that no guardian will be appointed; instead, the probate court's refusal to dismiss the guardianship proceeding sets the stage for later rulings on these issues.

Carolyn argues that the order is appealable nonetheless because it "purported to dispose of Carolyn[]'s claims [asserted in a related case] against the temporary guardian who was appointed" in a voided order. Contrary to Carolyn's assertions, however, the probate court's order on Richard's motion to dismiss does not state any disposition of her claims against the temporary guardian. Carolyn has not cited, nor have we found, any authority establishing that the trial court's ruling on Richard's motion to dismiss bars her claims against the temporary guardian arising from alleged acts and omissions during the period of the guardianship. And Carolyn's citation to *Whatley v. Walker*, 302 S.W.3d at 314, does not support her

8

argument regarding this Court's appellate jurisdiction. In *Whatley*, a case involving an appeal from a final order appointing a permanent guardian of a person and estate, our sister court of appeals determined the trial court's jurisdiction in a guardianship proceeding. *Id.* at 320−21 (holding that trial court acquired jurisdiction in guardianship proceeding through proper service on proposed ward and certain other persons). *Whatley* does not address the issue of appellate jurisdiction over orders, like the one here, denying a motion to dismiss a guardianship proceeding.

We hold that the probate court's order denying Richard's motion to dismiss but declaring void certain orders entered before January 2009 is an interlocutory order that is not appealable. We therefore lack jurisdiction, and we dismiss these appeals. All outstanding motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Brown, and Huddle.